PEOPLE *v* COMPIAN

PEOPLE *v* KONDAKOR

1. CRIMINAL LAW—DIRECTED VERDICT.
   The question presented by a motion for directed verdict of not guilty is whether there is evidence from which the jury can reasonably infer all the elements of the crime charged.

2. ROBBERY—UNARMED ROBBERY—SPECIFIC INTENT.
   Unarmed robbery is a specific intent crime, since robbery is larceny committed by assault or putting in fear and larceny is a specific intent crime.

3. CRIMINAL LAW—SPECIFIC INTENT—DEFENSES—INTOXICATION.
   Intoxication is sufficient to serve as a defense to a charge of a specific intent crime if defendant's mental capacities were so impaired by intoxication that he was not conscious of what he was doing, or he did not know what he was doing.

4. CRIMINAL LAW — SPECIFIC INTENT — INTOXICATION — EVIDENCE — SUFFICIENCY.
   Whether defendant's alleged drinking of beer and whiskey, smoking marijuana, and taking Seconal and Dexedrine before allegedly committing the specific intent crime charged negated the necessary specific intent is a question of sufficiency of the evidence.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 415 *et seq.*
[2] 46 Am Jur, Robbery § 10.
[3] 21 Am Jur 2d, Criminal Law §§ 107, 108.
  Modern status of the rules as to voluntary intoxication as defense to criminal charge.   8 ALR3d 1236.
[4] 21 Am Jur 2d, Criminal Law §§ 82, 107.
[5] 5 Am Jur 2d, Appeal and Error §§ 786, 838, 883.
[6, 7] 29 Am Jur 2d, Evidence § 320 *et seq.*
[8] 53 Am Jur, Trial § 506.
[9] 29 Am Jur 2d, Evidence § 266.
[10] 53 Am Jur, Trial §§ 796–802.
[11, 12] 21 Am Jur 2d, Criminal Law § 182 *et seq.*

5. CRIMINAL LAW—EVIDENCE—SUFFICIENCY—APPEAL AND ERROR—STANDARD OF REVIEW.

> The standard used by an appellate court for determining sufficiency of the evidence questions in a criminal case is whether the evidence warrants a finding of guilty beyond a reasonable doubt of the crime charged.

6. CRIMINAL LAW—PRIOR INCARCERATION—ADMISSIBILITY.

> Reference to a defendant's prior incarceration is inadmissible, and grounds for reversal, unless such reference is material and relevant to the issue being raised.

7. CRIMINAL LAW—PROSECUTOR'S REMARKS—PRIOR INCARCERATION—EXPERT WITNESS—INSTRUCTIONS TO JURY—HYPOTHETICAL QUESTION.

> Prosecutor's reference, in a hypothetical question put to defendant's expert witness, a psychiatrist, to institutional psychosis and the personality changes that men experience after being incarcerated for three years was proper where the issues being raised in the case were whether defendant was intoxicated and unable to form the specific intent necessary to commit the crimes charged, violent crimes, and what effects intoxicants would have on a person with defendant's personality, the expert witness interviewed defendant three years after the incident had occurred, the trial court instructed the jury that the question propounded by prosecutor was hypothetical in nature and the jury was not to infer facts from hypothetical questions because it was proper to allow the prosecutor to inquire into any circumstances occurring between the time of the crimes charged and the interview which might have altered defendant's personality.

8. CRIMINAL LAW—PROSECUTOR'S REMARKS—CURATIVE INSTRUCTIONS.

> Prosecutor's characterization of defendants as "animals" did not result in prejudicial reversible error where the trial court properly charged the jury on passion and prejudice and the lack of prejudice was shown by the fact that two of the four defendants on trial were acquitted by the jury.

9. CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE—INSTRUCTIONS TO JURY—PRESUMPTION OF INNOCENCE.

> A trial court need not give an instruction to jury that circumstantial evidence can be employed to prove innocence as well as guilt, because the accused carries no burden of proof in a criminal prosecution, but a presumption of innocence; thus, any evidence offered by defendant need not prove his innocence

but only establish that the prosecution has not proved defendant's guilt beyond a reasonable doubt; evidence offered by the defendant to cast doubt on the people's case is not governed by the strict rules applicable to inculpatory circumstantial evidence.

10. CRIMINAL LAW—AGGRAVATED ASSAULT—SPECIFIC INTENT—INSTRUCTIONS TO JURY.

A defendant charged with assault with intent to do great bodily harm less than murder was not prejudiced by an instruction to the jury on the included offense of aggravated assault which defined that crime as requiring a finding of intent to inflict an aggravated or serious injury, where the instructions on the greater crime were correct and the defendant was convicted of the greater crime, which has a specific intent as an element, and where the trial court instructed that assault with intent to do great bodily harm less than murder requires a greater intent to do serious injury than aggravated assault requires, and further charged correctly as to simple assault and battery.

11. CRIMINAL LAW—DOUBLE JEOPARDY—SAME EVIDENCE.

The test for determining whether two crimes do in fact constitute the same offense for purposes of the double jeopardy clause is the "same evidence" test, whether each crime requires proof of an additional fact which the other does not.

12. CRIMINAL LAW—ASSAULT—DOUBLE JEOPARDY.

A defendant may be convicted both of assault with intent to do great bodily harm less than murder and assault with intent to commit unarmed robbery arising out of the same general set of facts without violating the prohibition on double jeopardy, because the two crimes require proof of different specific intents and thus do not require the same evidence for proof (MCLA 750.84, 750.88).

Appeals from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 October 5, 1971, at Detroit. (Docket Nos. 8382, 8568.) Decided February 22, 1972. Leave to appeal denied as to Kondakor denied, 387 Mich 790.

Juan Compian was convicted of assault with intent to commit unarmed robbery. Joseph J. Kondakor was convicted of assault with intent to commit

unarmed robbery and of assault with intent to do great bodily harm less than murder. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*Lawrence E. Weinberg,* for defendant Compian on appeal.

*John F. Gilhool,* for defendant Kondakor on appeal.

Before: Lesinski, C. J., and V. J. Brennan and O'Hara,* JJ.

Lesinski, C. J. Defendant Juan Compian was convicted by a jury of assault with intent to commit unarmed robbery, MCLA 750.88; MSA 28.283, as was defendant Joseph Kondakor. Defendant Kondakor was also convicted of assault with intent to do great bodily harm less than the crime of murder, MCLA 750.84; MSA 28.279. Both defendants appeal as of right.

The record reveals that on the night of November 12, 1966, two Detroit policemen were on patrol in an unmarked car when they saw a vehicle with its lights out and the engine running in a parking lot in Patton Park. When the two officers reached the parked car, they saw three men, including defendant Kondakor, approaching the vehicle which contained four additional men. One of the men volunteered information that a man who had been beaten or in an

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

accident was lying in the parking lot. Subsequently, one of the police officers found a wallet and a pair of gloves in the parking lot. The wallet belonged to the victim, and he had also been carrying the gloves. The police officers took all seven of the men which they had found at the scene to the police station. Of the four men ultimately tried on the charge, defendants Compian and Kondakor were the only two found guilty.

On appeal defendant Compian urges two errors. He alleges that the trial court committed error in failing to direct a verdict for defendant at the close of the people's case, and that the combined influence of drugs and alcohol rendered him incapable of possessing the intent required to be guilty of assault with intent to commit unarmed robbery.

As this Court stated in *People* v *Compton,* 23 Mich App 42, 44 (1970), "the question presented by a motion for directed verdict of not guilty is whether there is evidence from which the jury can reasonably infer all the elements of the crime charged". See, also, *People* v *Qualls,* 9 Mich App 689 (1968).

The complaining witness in this case, who suffered severe head injuries from the beating, was unable to recall any details of the incident. Two of the men who accompanied defendants on the night in question, but were not defendants in this case, Jerry Parker and Jose Salas, testified. Jerry Parker testified that he, defendant Compian, and defendant Kondakor exited from the car and approached the complaining witness, after defendant Kondakor had stated, "Let's go see if he's got some money". On cross-examination, witness Parker testified that no indication was given that anyone was going to attack or rob the complaining witness when the three left the car. Parker further testified that when defendant Kondakor struck the complaining witness,

both Parker and defendant Compian went back to the car. Parker said that defendant Compian did not strike the complaining witness, and that defendant Compian attempted to give artificial respiration to the injured man when the men accompanied the police back to the point where he lay. On redirect examination, the witness related that there had been previous talk about robbing a hitchhiker, before the men had reached Patton Park.

Jose Salas testified that defendants Kondakor and Compian, along with Parker, got out of the car when they arrived at Patton Park. Witness Salas said that Kondakor, Parker, and Compian started "banging around" the complaining witness. Salas further stated that the complaining witness attempted to get away and all three of them hit him. On cross-examination, in response to the question whether he saw defendant Compian hit the complaining witness, Salas responded, "Well, I am not too sure".

On the basis of this testimony, evidence existed, under the *Compton* holding, from which the jury could infer all the elements of assault with intent to commit unarmed robbery.

Defendant Compian's second allegation of error is also without merit. Defendant argues that he could not have held the requisite intent necessary to commit the crime of assault with intent to commit unarmed robbery when he had drunk one-half of a "jumbo" of beer and two shots of whiskey, taken two Seconal and three Dexedrine tablets, and smoked marijuana before the crime occurred.

It is law in this state that intoxication can negative the existence of the specific intent necessary to be guilty of certain crimes. *People v Guillett*, 342 Mich 1 (1955). Under the authority of *People v Kelley*, 21 Mich App 612 (1970), unarmed robbery is

a specific intent crime, since "robbery is larceny committed by assault or putting in fear and * * * larceny is a specific intent crime". *Kelley, supra,* at 619. However, not every degree of intoxication is sufficient to serve as a defense to a specific intent crime. To the contrary, defendant's mental capacities must be so impaired by intoxication "that he was not conscious of what he was doing, or he did not know what he was doing". *Kelley, supra,* at 623. See, also, *People v Berryhill,* 8 Mich App 497 (1967).

Defendant Compian's argument on this issue is properly regarded as a sufficiency of the evidence question. He alleges no error in the trial court's instructions on intoxication, or in any rulings regarding evidence introduced on that issue. The standard employed by this Court in determining sufficiency of the evidence questions is "whether the evidence warrants a finding of guilty beyond a reasonable doubt of the crime charged". *People v Schram,* 1 Mich App 279, 282 (1965). The evidence in this case does warrant a finding of guilty beyond a reasonable doubt.

Defendant Kondakor, on appeal, in addition to other errors, also cites the trial court's denial of his motion for directed verdict at the close of the people's case.

The record reveals that witnesses Parker and Salas testified that defendant Kondakor hit and kicked the complaining witness. There was testimony by Parker and Salas that, after the attack had commenced, Parker and defendant Compian returned to the car, but defendant Kondakor remained behind kicking the complaining witness.

There was also evidence offered that Kondakor had been drinking extensively. Indeed, his defense at trial was based on intoxication. On direct exam-

ination, witness Parker testified that none of the boys were staggering, speaking with slurred speech, or giving an indication that they were drunk. On cross-examination, Parker stated that defendant Kondakor's eyes were glassy, and he wasn't walking straight. Witness Salas testified defendant Kondakor was staggering "a little bit".

It was properly a matter left to the jury to determine from the evidence whether defendant was intoxicated to a degree sufficient to negate his specific intent.

Defendant Kondakor also complains of the prosecutor's reference to institutional psychosis and the personality changes that men experience after being incarcerated for three years. The prosecutor made the reference in a hypothetical question put to defendant's expert witness, a psychiatrist. Defendant moved for a mistrial at that point, and the trial court denied the motion. It has long been the law in this state that reference to a defendant's prior incarceration is inadmissible, and grounds for reversal, unless such reference is material and relevant to the issue being raised. *People* v *Fleish,* 321 Mich 443 (1948); *People* v *Sullivan,* 32 Mich App 181 (1971); *People* v *McPherson,* 21 Mich App 385 (1970).

The issue being raised in the instant case is whether defendant was intoxicated and unable to form the specific intent necessary to be guilty of assault with intent to commit unarmed robbery and assault with intent to do great bodily harm less than murder. Defendant's expert witness interviewed him some three years after the incident had occurred. He testified that defendant Kondakor was a "rather impulsive person" who "had difficulty controlling his anger impulses". Drugs, the psychiatrist stated, would lessen defendant's ability to maintain control of himself. Given such testimony

and the fact that the psychiatrist was testifying as to defendant's personality when almost three years had elapsed between the robbery and the psychiatrist's first contact with defendant, it was proper for the prosecutor, in a hypothetical question on cross-examination, to inquire into any circumstances occurring between November 12, 1966, and the interview which might have altered defendant's personality.

In *People* v *Woody*, 380 Mich 332 (1968), where defendant's major defense at trial was insanity, the Michigan Supreme Court held admissible the prosecutor's questioning of defendant's expert witness, a psychiatrist, concerning prior arrests and convictions of defendant. As the Court there stated:

"Testimony of prior arrests, convictions, assaultive and antisocial conduct, ordinarily completely inadmissible as bearing on the general guilt or innocence of the accused of the offense charged, became material and admissible as bearing on the issue of his sanity." 380 Mich 332, 338.

In the instant case, defendant's sanity was not in issue, but the defense had placed in issue the effect which intoxicants might have on an individual with defendant's personality. Also, immediately after the prosecutor's question, the trial court instructed the jury that the questions propounded by the prosecutor were hypothetical in nature, and the jury was not to infer facts from hypothetical questions. Accordingly, there was no error flowing from the prosecutor's question under these facts.

Defendant Kondakor further contends that the prosecutor's characterization of defendants as "animals" constituted reversible error. Defendant promptly moved for a mistrial, which motion the trial court denied. As this Court stated in *People*

v *Pruitt*, 28 Mich App 270, 273 (1970), where the prosecutor referred to the defendant as a "thug":

"Although we do not endorse such subjectivity, a review of the entire record discloses that the trial court corrected this error in its instructions to the jury."

In charging the jury in the instant case, the trial court stated as follows:

"*The Court:* * * * Under your oath you are duty-bound to find the facts fairly and squarely as you believe the testimony to warrant, without reference to passion or prejudice, sympathy, fear, or favor. You will seek the truth. You owe that duty equally to the people and to each of the defendants."

Such charge served to cure the prejudicial effects, if any, occasioned by the prosecutor's remarks. We do not find that the characterization was prejudicial to defendant or led to an improper result, as the trial court properly charged the jury as to passion and prejudice, and two of the four defendants on trial were acquitted by the jury. See *People* v *DeBeaulieu*, 308 Mich 173 (1944).

Additionally, defendant Kondakor charges the trial court with error in its instructions to the jury. Two of those errors were not objected to below. Errors raised for the first time on appeal will not be considered by this Court absent a showing of manifest injustice. *People* v *Mason*, 22 Mich App 595 (1970); *People* v *Mallory*, 2 Mich App 359 (1966); GCR 1963, 516.2. There is no showing of manifest injustice here.

Defendant Kondakor did save the other two issues for appeal, however. The trial court refused to instruct the jury that circumstantial evidence could be employed to prove innocence as well as guilt. A

review of the trial court's charge indicates that it gave a correct instruction to the jury on the use of circumstantial evidence by the people to prove defendant's guilt. A search by this Court has revealed no Michigan cases on point, as to whether defendant is entitled to an instruction on the use of circumstantial evidence to prove defendant's innocence.

However, case law from other jurisdictions has held that such an instruction need not be given by the trial court. As was pointed out by the Minnesota Supreme Court in *State* v *Waltz,* 237 Minn 409; 54 NW2d 791 (1952), the accused carries no burden of proof in a criminal prosecution but a presumption of innocence. Any evidence offered by defendant need not prove his innocence but only establish that the prosecution has not proved defendant's guilt beyond a reasonable doubt. Thus, evidence offered by the defendant to cast doubt on the people's case is not governed by the strict rules applicable to inculpatory circumstantial evidence. See, also, *State* v *Frederick,* 74 NM 42; 390 P2d 281 (1964); *Sikes* v *State,* 120 Ga 494; 48 SE 153 (1904). No error resulted from the trial court's failure to give the proposed instruction.

Defendant also argues that it was error for the trial court to instruct the jury that there must be a finding of intent to inflict an aggravated or serious injury in order to be guilty of an aggravated assault. Defendant Kondakor contends that aggravated assault is not a specific intent crime. The statutory provision reads as follows:

"Any person who shall assault another without any weapon and inflict serious or aggravated injury upon the person of another without intending to commit the crime of murder, and without intending

to inflict great bodily harm less than the crime of murder, shall be guilty of a misdemeanor." MCLA 750.81a; MSA 28.276(1).

However, defendant was not prejudiced thereby. The jury found him guilty of a specific intent crime, assault with intent to do great bodily harm less than the crime of murder. The court's instructions on that crime were correct. Also, the trial court indicated to the jury that assault with intent to do great bodily harm requires a greater intent to do serious injury than aggravated assault requires. The trial judge further charged the jury correctly as to simple assault and assault and battery. Consequently, given the correctness of the trial court's charge as a whole and the jury's determination of defendant's guilt of assault with intent to do great bodily harm less than murder, which is a specific intent crime, defendant was not prejudiced by the trial court declaring aggravated assault to be a specific intent crime. If that portion of the charge complained of was erroneous, only the people could complain that they were required to prove more than the statute requires. See *People* v *Collins*, 380 Mich 131, 135 (1968).

Defendant's final claimed error is grounded on the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Michigan Constitution, US Const, Am V and Const 1963, art 1, § 15. He argues that, by being found guilty of assault with intent to commit unarmed robbery and assault with intent to commit great bodily harm less than murder, he has been punished twice for the same offense.

The proper test under both the United States and Michigan Constitutions for determining whether

two crimes do in fact constitute the same offense is the "same evidence" test. As the United States Supreme Court stated in *Blockburger* v *United States,* 284 US 299, 304; 52 S Ct 180, 182; 76 L Ed 306, 309 (1932), the question "is whether each provision requires proof of an additional fact which the other does not". A recent Michigan case phrased the standard as follows:

"Unless the offense is a necessary element in and part of another, an acquittal or conviction of one is not a bar to prosecution for the other." *People* v *Wilson,* 6 Mich App 474, 476 (1967).

See, also, *People* v *Duncan,* 373 Mich 650 (1964); *People* v *Jacoboni,* 34 Mich App 84 (1971).

The elements of assault with intent to do great bodily harm less than murder include an attempt with force or violence to do corporal hurt to another and an intent to do serious injury of an aggravated nature. MCLA 750.84; MSA 28.279; 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1038, p 1427. The essential elements of unarmed robbery are an assault with force and violence, accompanied by an intent to rob and steal, the defendant not being armed. MCLA 750.88; MSA 28.283; 4 Gillespie, Michigan Criminal Law & Procedure, § 2221, pp 2442–2443. Thus, the two crimes involve different specific intents. To be guilty of assault with intent to do great bodily harm less than murder, one must possess an intent to do serious harm of an aggravated nature. To be guilty of assault with intent to commit unarmed robbery, one must possess an intent to rob and steal. Under both the *Blockburger* and *Wilson* formulations of the "same evidence" test, defendant Kondakor has not been punished twice for the same offense.

Other allegations of error asserted by defendant Kondakor are so insubstantial as to require no argument or formal submission. *People* v *Wanzer,* 36 Mich App 169 (1971).

Affirmed as to both defendants.

All concurred.