PEOPLE v GANT

1. LARCENY—ELEMENTS OF CRIME—FINDINGS OF FACT.

Denial of a defendant's motion for a directed verdict, based on the prosecution's failure to prove that the defendant participated in the taking and carrying away of an air conditioner with felonious intent, was not an abuse of discretion where the record disclosed sufficient evidence for the jury to find the requisite elements of larceny in a building (MCLA 750.360).

2. CRIMINAL LAW—EVIDENCE—CORPUS DELICTI—PREJUDICE.

A prosecutor's solicitation on direct examination of a statement from his witness which tangentially suggested the defendant's guilt before the corpus delicti was established was not prejudicial; the question was proper for the purpose of establishing the reason for the defendant's presence in a store where a larceny was perpetrated.

3. LARCENY—UNIDENTIFIED WITNESSES—FAILURE TO PRODUCE—CIRCUMSTANTIAL EVIDENCE—CREDIBILITY.

A prosecutor's cross-examination of a defendant and comments during his closing argument upon the defendant's failure to produce two unidentified witnesses who he claimed could verify his disavowal of any involvement in the crime charged constituted a permissible attempt to challenge the defense and the defendant's failure to seek the testimony of the unidentified witnesses created adverse circumstantial evidence subject to comment by the prosecutor; the circumstantial evidence resulting from the defendant's failure to offer evidence and witnesses to support a proffered defense is no substitute for the prosecution's burden to prove the defendant guilty beyond a reasonable doubt upon every element of the crime charged and the defendant is free to offer to the jury a defense supported by his testimony but the nonproduction of other evidence, known and

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur 2d, Larceny §§ 9–54.
[2] 30 Am Jur 2d, Evidence § 1140.
[3] 50 Am Jur 2d, Larceny § 172.
[4] 21 Am Jur 2d, Criminal Law §§ 540, 592, 614.

available to a defendant, provides the jury with additional facts for use to test the defendant's credibility and it is the prosecutor's duty to attack the strength of the defense theory with counter-evidence, cross-examination, and permissible argument.

4. CRIMINAL LAW—SENTENCE—EXCESSIVE SENTENCE.
  The excess in the minimum of a sentence of 3-1/2 to 4 years is modified to 2 years and 8 months, to constitute a valid minimum sentence of two-thirds of the maximum (MCLA 769.24).

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 March 13, 1973, at Lansing. (Docket No. 13766.) Decided June 26, 1973.

Percy Gant, Jr., was convicted of larceny in a building. Defendant appeals. Affirmed, but modified as to minimum sentence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*June & Rogers,* for defendant.

Before: QUINN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

BRONSON, J. Defendant was convicted by jury verdict of larceny in a building and sentenced to a prison term of 3-1/2 to 4 years. MCLA 750.360; MSA 28.592. From this conviction defendant appeals as a matter of right, raising three allegations of error: (1) did the trial judge commit reversible error by denying defendant's timely motion for a directed verdict, (2) did the trial judge commit reversible error by denying defendant's motion for

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

mistrial, and (3) is defendant's sentence of 3-1/2 to 4 years valid in light of *People v Tanner?*

On April 14, 1971, defendant entered the garage of a Montgomery Ward store in Flint, Michigan, and inquired about tires. Defendant subsequently drove his car into the garage and proceeded to the sales area. Upon returning, defendant was accompanied by two men who placed a box containing an air conditioner in defendant's car with defendant's assistance. The garage manager approached defendant and asked for a sales slip, which he was unable to produce.

The prosecution witnesses testified that defendant said that the air conditioner was his and his wife had the sales slip. Defendant further stated that the air conditioner was a lay-away purchase listed in the name of an uncle or brother-in-law. At trial defendant offered a contrary recitation of the facts, exculpatory in nature. Defendant testified that he went to Ward's to purchase tires and offered to take two acquaintances who wanted to pick up a package. He told them to meet him in the garage and believed that the box which they placed in his car was the package to which the men had made previous reference. At the conclusion of trial the jury found defendant guilty of larceny in a building.

Defendant first challenges the trial judge's denial of his motion for directed verdict. The motion was based on the prosecution's alleged failure to prove that defendant participated in the taking and carrying away of the property with the requisite felonious intent. A review of the record discloses sufficient evidence, both direct and circumstantial, for the jury to find the requisite elements of the crime charged. *People v Qualls,* 9 Mich App 689; 158 NW2d 60 (1968); *People v Compton,* 23

Mich App 42; 178 NW2d 133 (1970); *People v Compian,* 38 Mich App 289; 196 NW2d 353 (1972). The trial judge did not abuse his discretion by denying the motion for directed verdict upon these facts.

Defendant's second allegation of error is based upon the trial judge's denial of his motion for mistrial. This motion was based upon several adverse rulings by the trial judge which allegedly placed prejudicial testimony and argument before the jury. Defendant claims that testimony regarding his criminal involvement preceded the establishment of the corpus delicti resulting in prejudice justifying a mistrial. This argument is based upon the solicitation by the prosecutor of a single statement from his witness upon direct examination which tangentially suggested defendant's guilt. The trial court reviewed the objection and held that the question was proper for the purpose of establishing the reason for defendant's presence in the Montgomery Ward store. Not discovering the prejudice asserted by defendant, we affirm the trial judge's decision.

Defendant further claims that a mistrial should have been granted because of the prosecutor's cross-examination of defendant and closing argument upon defendant's failure to call the two unidentified companions to support his defense. We cannot agree that this conduct created prejudice requiring a declaration of mistrial. Our courts have permitted the prosecutor to offer a rhetorical argument regarding a defendant's failure to produce witnesses which could corroborate his story. *People v Hunter,* 218 Mich 525; 188 NW 346 (1922), followed in *People v Falkner,* 36 Mich App 101; 193 NW2d 178 (1971), *rev'd on other grounds,* 389 Mich 682; 209 NW2d 193 (1973). The underlying

rationale is that the constitutional protection against defendant's failure to take the stand does not apply to witnesses. *People v Rich,* 237 Mich 481; 212 NW 105 (1927). For this reason, the prosecutor has been permitted to comment upon (1) defendant's failure to call an accomplice or indicted co-defendant and (2) the failure of such witnesses to testify. *People v McGarry,* 136 Mich 316; 99 NW 147 (1904); *People v Schultz,* 210 Mich 297; 178 NW 89 (1920). This rule is subject to an exception, not relevant to the present case, that the prosecutor may not comment upon such witnesses' failure to testify when they are called by the defendant and invoke their constitutional right to remain silent.

In the present case defendant disavowed any involvement in the charged crime and offered an explanation which, if true, could be easily verified by the two unidentified companions. The prosecutor's comment upon defendant's failure to produce these witnesses constituted a permissible attempt to challenge the quality of the proffered defense consistent with the cited authorities. Even if the missing witnesses are considered accomplices or the actual perpetrators of the crime, defendant's failure to seek their testimony to the point where such is denied by their invocation of the Fifth Amendment creates adverse circumstantial evidence subject to comment by the prosecutor.

This approach does not cast the burden upon defendant to prove his innocence since defendant cannot be convicted upon the basis that he failed to affirmatively prove his defense. The circumstantial evidence resulting from defendant's failure to offer evidence and witnesses to support a proffered defense is no substitute for the prosecutor's burden to prove defendant guilty beyond a reasonable

doubt. In spite of this failure, defendant cannot be convicted unless the prosecution has carried its burden of proof upon every element of the crime charged. While defendant is free to offer to the jury a defense supported only by his testimony, the nonproduction of other evidence, known and available to defendant, provides the jury with yet another fact for use to test his credibility. The prosecutor fulfilled his duty by attacking the strength of the defense theory with counter-evidence, cross-examination, and permissible argument. We conclude that the challenged cross-examination and closing argument was permissible since neither shifted the burden to defendant to prove his innocence. The trial judge properly denied defendant's motion for mistrial.

Defendant's final allegation challenges the validity of his 3-1/2 to 4-year sentence in light of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). We agree. Accordingly, on the basis of the decision in *Tanner* and in light of MCLA 769.24; MSA 28.1094, and *Moore v Parole Board,* 379 Mich 624, 638–639; 154 NW2d 437, 442–443 (1967), we modify the excess portion of defendant's minimum sentence heretofore imposed by the trial court of 3-1/2 years, but we affirm the valid remainder of such sentence, which constitutes two-thirds of the maximum of 4 years. Therefore, defendant's valid minimum sentence now stands as 2 years and 8 months, in compliance with the mandate of *Tanner. Accord, People v Hempton,* 43 Mich App 618; 204 NW2d 684 (1972).

The conviction is affirmed. The sentence is affirmed as modified by this opinion.

All concurred.