PEOPLE v TASKILA

PEOPLE v BLEAU

1. CRIMINAL LAW—DEFENSES—INTOXICATION—SPECIFIC INTENT.
    The test of intoxication as a defense to a charge of crime only requires in a specific intent crime that the defendant not have that specific intent.

2. CRIMINAL LAW—SPECIFIC INTENT—FINDINGS OF FACT.
    A trial judge's finding, in a nonjury trial, that the defendants were guilty of a specific intent crime also means that he found that the defendants possessed the requisite specific intent.

Appeal from Marquette, Bernard H. Davidson, J. Submitted Division 3 November 9, 1973, at Grand Rapids. (Docket Nos. 15600, 15601.) Decided December 6, 1973. Amended opinion filed December 10, 1973. Leave to appeal granted, conviction vacated, and remanded to circuit court with instructions, 391 Mich —.

Howard A. Taskila and Robert J. Bleau were convicted of assault with intent to commit rape. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Dale Ruohomaki,* Prosecuting Attorney, and Prosecuting Attorneys' Appellate Service *(Donald Ubell,* Director, by *Aloysius J. Lynch,* Special Assistant Attorney General), for the people.

*Stuart M. Israel,* Assistant State Appellate Defender, for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 107.
[2] 21 Am Jur 2d, Criminal Law §§ 82, 83.

Before: R. B. BURNS, P. J., and DANHOF and
O'HARA,* JJ.

## AMENDED OPINION

O'HARA, J. With deep regret but without apology, we retract our released opinion in this case on our own motion.

Our original opinion (printed immediately *post),* quoted with approval the test to be applied to drunkenness as a defense to a specific intent crime authored by Chief Judge LESINSKI in *People v Compian,* 38 Mich App 289, 295; 196 NW2d 353, 356 (1972).

After our opinion had been approved and sent to Lansing for processing and release, the Supreme Court released *People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973).

Obviously what we said in our original opinion offends against *Crittle.*

We said that not every degree of intoxication is sufficient to serve as a defense to a specific intent crime. We went on to say what degree of intoxication was requisite.

This is not correct, says the Supreme Court, because it is a "capacity standard". This standard the Court repudiates. The test is rather what the Supreme Court says Justice COOLEY meant when he said:

"[T]he crime cannot have been committed when the intent did not exist." *People v Walker,* 38 Mich 156, 158 (1878).

The Supreme Court explains that the COOLEY

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

test "only requires in a specific intent crime that the defendant not have that specific intent".

So in this case we recant our erroneous reliance on what we previously mistakenly understood the law to be. We hold rather that the trial judge (a jury was duly waived) since he found the defendants guilty, also found that they had the requisite specific intent.

The total recall by one defendant of all of the sordid details of the night of the rape and the testimony of the complainant of the actions, words, threats of the two defendants at the time of the attack, beating, and rape satisfies the *Crittle* test as that test explains and translates what Justice COOLEY meant by what he said in *Walker, supra.*

Under *Walker* and *Crittle,* either or both, we again affirm.

All concurred.

### ORIGINAL OPINION

O'HARA, J. Defendants appeal of right their conviction of assault with intent to commit rape. MCLA 750.85; MSA 28.280. Trial was to the court, a jury having been duly waived.

There is a single specification of error. Defendants claim that the finding by the trial judge that "[t]heir intoxication and marijuana use" was mutually exclusive with his further finding that "beyond a reasonable doubt * * * there was an assault made with intent to commit a rape".

It is high time that the myth or misconception that a mere finding of "intoxication", as such, is a complete defense to a specific intent crime be laid to rest.

Such has never been the law of this state. It is

not now, and it would be a sad day for our criminal jurisprudence were it to become so.

We quote with unreserved approval the trenchant language of Chief Judge LESINSKI writing to this precise point:

"[N]ot every degree of intoxication is sufficient to serve as a defense to a specific intent crime. To the contrary, defendant's mental capacities must be so impaired by intoxication 'that he was not conscious of what he was doing, or he did not know what he was doing'." (Citations omitted.) *People v Compian,* 38 Mich App 289, 295; 196 NW2d 353, 356 (1972).

With this test in mind we review the facts in the instant case. The record tells us defendant Taskila at the time of trial was 23 years old, 6 feet 3 inches tall and weighed about 203 pounds. The victim of the attack was a 61-year-old woman. The day following the incident, her daughter, a registered nurse, arrived at her mother's home at about 3:30 p.m. Immediately on seeing her mother she insisted that she go to a doctor. The examining physician sent her to a hospital, though complainant objected because she said that if she said anything "they are going to kill me". The doctor nevertheless reported her condition and his findings to the authorities. His findings were (his qualifications as a gynecologist were stipulated to as was his status as an expert witness):

"She had very little skin surfaces that were not injured * * * bruises between the inner thighs * * * and between the vagina and rectum * * * The lacerations could have been caused by forcible intercourse * * * ."

The record shows that both defendants drank a lot of beer and smoked marijuana additionally. The specific amounts are not important in view of

defendant Taskila's testimony as it bears upon the effect of the beer and marijuana on the defendants. We abstract it from the transcript:

"I remember I had my arm around her * * * then after that * * * everything just went to a blank until I was on the seat and Bobby (defendant Bleau) kept telling me * * * 'Hurry up, hurry up.' * * * I was gettin' no satisfaction so then I just got up and she got in the back seat."

\* \* \*

"*Q.* Did you ejaculate?
"*A.* No.

\* \* \*

"*Q.* * * * [W]ere you on her at any time?
"*A.* I was on her, but, nothing was happening so I just gave up."

The complainant testified, and again we condense the testimony from the record:

"He (the driver of the car) started and got into me and raped me. * * * Both of them shoved me over the seat of the car into the back * * * he (the driver of the car) grabbed my breast and nearly pulled it off."

\* \* \*

"*The Court:* They what?
"Pushed me * * * into the back seat. * * * The passenger of the car raped me."

The composite of the quoted testimony hardly bespeaks the defendants' degree of intoxication as that which in the *Compian* test rendered either or both of them not conscious of what they were doing or not knowing what they were doing. They seemed well aware of their intended purpose, their unremitting purpose to carry it out, and their actions in accomplishing it. The record supports at very least the convictions of assault with intent to commit rape. We find no merit in the appeal.

Affirmed.