PEOPLE v RICH

CRIMINAL LAW—DEFENSES—INTOXICATION—SPECIFIC INTENT—IN-
STRUCTIONS TO JURY—CAPACITY STANDARD.
    An instruction to the jury in a trial for a specific-intent crime
    that the defense of intoxication could be successfully invoked
    only if the defendant was so intoxicated that he was not
    conscious of what he was doing or why he was doing it consti-
    tutes reversible error, even though no objection was made; this
    capacity standard has been rejected by the Supreme Court as it
    relates to a specific-intent crime.

Appeal from Wayne, Joseph G. Rashid, J. Sub-
mitted Division 1 June 24, 1974, at Detroit.
(Docket No. 17237.) Decided September 12, 1974.
Leave to appeal granted, 394 Mich —.

Robert J. Rich was convicted of breaking and
entering with intent to commit larceny. Defendant
appeals. Reversed and remanded.

,Frank J. Kelley, Attorney General, Robert A.
Derengoski, Solicitor General, William L. Cahalan,
Prosecuting Attorney, Patricia J. Boyle, Principal
Attorney, Research, Training & Appeals, and Lu-
venia D. Dockett, Assistant Prosecuting Attorney,
for the people.

Norris J. Thomas, Jr., Assistant State Appellate
Defender, for defendant.

Before: BASHARA, P. J., and DANHOF and
CHURCHILL,* JJ.

REFERENCES FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial §§ 743, 744.
Intoxication: modern status of the rules as to voluntary intoxication
    as defense to criminal charge. 8 ALR3d 1236.
* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. A jury found the defendant guilty of breaking and entering with intent to commit larceny, MCLA 750.110; MSA 28.305, and he was sentenced to a term of 6 to 10 years in prison. He appeals, raising numerous issues, one of which requires that his conviction be reversed.

The overwhelming evidence presented at trial of defendant's guilt was countered by the defense of intoxication. Defendant testified to his ingestion of large quantities of alcohol and a variety of drugs. He maintained that his ability to remember the events of the day in question was severely impaired.

At the conclusion of the trial, the court included in its charge an instruction on intoxication as a defense to this specific-intent crime. The court stated that the defense could be successfully invoked if defendant "wasn't conscious of what he was doing or that he did not know why he was doing". (sic). The court continued its instruction, telling the jury that the degree of intoxication required was such that "defendant was not conscious of what he was doing".

This instruction refers to a capacity standard which has been rejected as it relates to specific-intent crimes by a unanimous Michigan Supreme Court in *People v Crittle,* 390 Mich 367, 372; 212 NW2d 196, 198–199 (1973). In that case, the trial court had instructed the jury that,

" 'You would not, however, be justified in acquitting * * * unless you find * * * that he was not conscious of what he was doing or why he was doing it * * * .' "

The Supreme Court held that this instruction constituted reversible error. The instruction in the instant case is virtually indistinguishable and,

therefore, we are constrained to hold that it too constituted reversible error.

Although no objection to this instruction was raised in the present case, neither was a timely objection made before the trial court in *Crittle*. Any question as to the Supreme Court's intention to confine the rule in *Crittle* to prospective application only, is dispelled by its decision in *People v Taskila,* 391 Mich 815 (1974), vacating, on the authority of *Crittle,* a conviction which had been affirmed by this Court in *People v Taskila,* 50 Mich App 746; 213 NW2d 760 (1973).

Although discussion of the other allegations of error is not essential in view of our resolution of the first issue, nevertheless we have considered the other issues raised by the defendant and we find them to be without merit.

Reversed and remanded.