PEOPLE v HARRIS

Docket No. 53722. Submitted November 3, 1981, at Lansing.—Decided
February 17, 1982.

Eric L. Harris was convicted of larceny in a building and of being
an habitual criminal, Jackson Circuit Court, James G. Fleming,
J. He appeals. *Held:*

1. The defendant failed to object to the admission of evidence
of his extrajudicial statements during trial prior to the prose-
cutor's establishment of the corpus delicti of the charged of-
fense, thereby precluding review on appeal, no manifest injus-
tice having been shown.

2. The record reveals that a directed verdict of acquittal at
the close of the prosecutor's proofs would have been improper.
In addition, the defendant did not move for a directed verdict,
and the trial court was not required to direct such a verdict *sua
sponte.*

3. The trial court erred in admitting evidence of the defen-
dant's prior criminal record as part of the prosecutor's case in
chief. But the error was harmless because the evidence was
later properly admitted during cross-examination of the defen-
dant for impeachment purposes.

4. The prosecutor properly commented upon the defendant's
failure to produce a witness who could have corroborated the

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 601, 602.

[2] 30 Am Jur 2d, Evidence §§ 1140-1142.

[3] 75 Am Jur 2d, Trial § 548 *et seq.*

[4] 29 Am Jur 2d, Evidence § 320 *et seq.*

Admissibility, at trial of criminal case, of evidence of defendant's
criminal acts other than those charged—Supreme Court cases. 93
L Ed 184.

[5] 75 Am Jur 2d, Trial §§ 245, 247.

[6] 21A Am Jur 2d, Criminal Law § 752.

Modern status of rules and standards in state courts as to adequacy
of defense counsel's representation of criminal client. 2 ALR4th
27.

[7] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 26.
75 Am Jur 2d, Trial § 656.

defendant's version of the facts. The defendant testified as to his version, and the comments merely pointed out the weakness of his case.

5. The record reveals that the defendant was not denied effective assistance of counsel during sentencing.

6. The trial court properly instructed the jury relative to the habitual criminal charge.

7. The trial court properly admitted evidence relative to the habitual criminal charge.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — APPEAL.

Failure by a defendant in a criminal case to object to the admission of certain evidence during trial precludes review on appeal absent manifest injustice.

2. CRIMINAL LAW — CORPUS DELICTI — EXTRAJUDICIAL STATEMENTS.

A prosecutor, prior to offering a defendant's extrajudicial statement for admission into evidence, must establish the corpus delicti of the charged offense by other evidence which would justify a reasonable inference by the trier of fact that the defendant is guilty of each of the essential elements of the offense.

3. CRIMINAL LAW — DIRECTED VERDICTS.

A trial court in a criminal case is not required, *sua sponte,* to direct a verdict of acquittal.

4. PROSECUTING ATTORNEYS — EVIDENCE — PRIOR CONVICTIONS — IMPEACHMENT.

Generally, a prosecutor may not offer evidence of a defendant's prior criminal record as part of his case in chief except as provided by court rule; however, the admission of such evidence during the prosecutor's case in chief will not require reversal where the evidence is also properly admitted during cross-examination of the defendant for the purpose of impeachment (MRE 404[b]).

5. PROSECUTING ATTORNEYS — CLOSING ARGUMENTS.

A prosecutor, during closing argument, may comment upon a defendant's failure to produce a witness who could have corroborated the defendant's version of the facts; such comments do not violate the defendant's right against self-incrimination where the defendant has testified relative to his version of the facts and the comments merely point out the weaknesses in the defendant's case.

6. CRIMINAL LAW — EFFECTIVE ASSISTANCE OF COUNSEL — SUBSTITU-
   TION OF COUNSEL.

   A criminal defendant is not denied effective assistance of counsel
   at sentencing merely because he was represented by a different
   attorney at sentencing from the attorney who represented him
   during trial; to warrant such a finding, the record should reveal
   some irregularity in the sentencing procedure, that the sen-
   tence imposed was not within the statutory limit, that the
   defendant objected to the substitution of counsel, or that the
   substituted counsel was incompetent, unprepared, or that he
   acted in a way that resulted in prejudice to the defendant.

7. CRIMINAL LAW — JURY INSTRUCTIONS — HABITUAL CRIMINALS.

   An instruction to a jury in a criminal case relative to an habitual
   criminal charge must not remove from the jury the determina-
   tion of whether the prosecutor proved the previous alleged
   convictions and that the offenses for which the defendant was
   convicted were felonies.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Parker, Adams & Mazur, P. C.,* for defendant.

Before: BRONSON, P. J., and T. M. BURNS and J. T. CORDEN,* JJ.

T. M. BURNS, J. Defendant appeals as of right his May 22, 1980, jury conviction of larceny in a building. MCL 750.360; MSA 28.592. On July 1, 1981, defendant was convicted after a jury trial of being a third-time felony offender. MCL 769.11; MSA 28.1083. Thereafter, he was sentenced to a term of from four to eight years imprisonment.

Defendant first argues that the trial judge erred by permitting the prosecutor to introduce evidence of defendant's extrajudicial statements prior to establishing the corpus delicti of the charged of-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

fense. Defendant's failure to object to the admission of this evidence during trial precludes appellate review absent the presence of manifest injustice. *People v Sands,* 82 Mich App 25; 266 NW2d 652 (1978). Our review of the record convinces us that manifest injustice would not arise from a refusal to consider this issue.

Prior to the admission of evidence of an extrajudicial statement made by a defendant, the prosecutor must establish a prima facie case. *People v Michael Johnson,* 105 Mich App 498; 307 NW2d 357 (1981). This quantum of proof requires some evidence that justifies a reasonable inference of culpability on each of the essential elements of the charged offense prior to the introduction of a defendant's out-of-court statement as further proof of his guilt. The record convinces us that the prosecutor met this burden because it discloses that sufficient evidence was introduced on each of the essential elements of larceny in a building before defendant's extrajudicial statements were admitted into evidence.

Defendant next contends that the trial judge erred by failing to direct a verdict of acquittal at the close of the prosecutor's proofs. However, defendant did not file such a motion below, nor has he cited in this Court any authority to support his position that the trial judge, *sua sponte,* should have directed a verdict of acquittal. We note in passing that a directed verdict of acquittal would have been inappropriate in this case inasmuch as the prosecutor did introduce during his case in chief sufficient evidence to have withstood such a motion.

Defendant next contends that the trial judge erred in permitting the prosecutor to introduce in his case in chief testimony to the effect that defen-

dant stated that he was on parole at the time he was arrested for this offense. The trial judge ruled that this statement was an admission that could not be severed from defendant's confession.

As a general rule, a prosecutor may not offer evidence of a defendant's prior criminal record as part of his case in chief. *People v Huff,* 101 Mich App 232; 300 NW2d 525 (1980). The exception to this rule set forth in MRE 404(b) is not applicable to this case. Therefore, we believe that the trial judge erred. Nonetheless, we do not believe that error has occurred which requires reversal because evidence of defendant's prior crimes and evidence that he was on parole properly was admitted later, during trial, for the purpose of impeaching his credibility.[1] Therefore, the admission of this evidence during the prosecutor's case in chief was harmless error only. *People v Swan,* 56 Mich App 22; 223 NW2d 346 (1974).

Nor are we persuaded by defendant's claim that error occurred which requires reversal during the prosecutor's closing argument. Defendant argues that the prosecutor improperly mentioned the fact that during trial defendant had not called a person who had been with him when he was stopped by security officers as a witness. This claim of error is without merit. It is within the permissible scope of a prosecutor's closing argument to comment upon the failure of the defendant to produce a witness who could have corroborated the defendant's version of the facts. *People v Gant,* 48 Mich App 5; 209 NW2d 874 (1973). Such comments by a prose-

---

[1] Evidence of defendant's prior crimes and his parole status were properly admitted during defendant's case in chief to impeach his testimony that his confession was coerced by a promise that he would be released if he confessed. During cross-examination of defendant, the prosecutor attempted to show by the introduction of this evidence that defendant could not have been released if he confessed to this crime and that defendant was aware of this fact.

cutor do not give rise to a Fifth Amendment violation because the constitutional protection against a defendant's failure to take the stand do not apply to witnesses unless such witnesses have been called and have invoked their constitutional rights to remain silent. *Id.* Where, as here, a defendant has taken the stand, such comments merely point out the weaknesses in the defendant's case and do not improperly shift the burden of proof to the defendant. *People v Shannon,* 88 Mich App 138; 276 NW2d 546 (1979).

Similarly, we find no merit in defendant's argument that he was denied effective assistance of counsel at sentencing because he was not represented at sentencing by the same attorney who had represented him at trial. The trial record does not disclose any irregularity in the sentencing proceeding, and the sentence imposed is within the statutory limits. Defendant did not object to the substitution of counsel and does not contend that the substitute attorney was incompetent, unprepared, or acted in any way that prejudiced defendant. Therefore, we are convinced that resentencing is not warranted.

Defendant next contends that the trial judge erred in instructing the jury during his trial on the supplemental information. Defendant argues that the trial judge's instructions to the jury removed from their consideration one of the elements of the prosecutor's charge; that is, that defendant had three felony convictions:

"Finally, that defendant, Eric Harris, is the same individual who was convicted of all of these offenses."

Our review of the transcript reveals that the trial judge gave the following instruction to the

jury immediately prior to the one on which defendant premises his alleged error:

"To establish this allegation, the prosecution must prove each of the following elements beyond a reasonable doubt: First, that the defendant was convicted of larceny in or from a building on May 22, 1980, in Jackson County; second, that the defendant was convicted and sentenced for the offense of joy riding in Eaton County; third, that the defendant was convicted and sentenced in Eaton County for the offense of unlawfully driving away an automobile; fourth, that all of these offenses were felonies."

Thus, taken in context, the alleged, erroneous jury instruction did not remove from the jury's consideration any elements of the prosecutor's case. The jury was clearly instructed that they were to determine whether defendant had been convicted of three felonies; they were not instructed that defendant had, in fact, been convicted of three felonies.

Defendant's final claim of error is that the trial judge erred during defendant's trial on the supplemental information when he permitted certain court records to be admitted into evidence without a proper foundation. This issue is not supported by the facts in the record. Exhibits 1 and 2 were certified copies of judgments of convictions and were admissible at trial under the provisions of MCL 600.2106; MSA 27A.2106. They were taken from the records of Jackson prison and admitted with the testimony of the prison records clerk. Further, defense counsel on the record waived the appearance of a witness, the clerk of the court where the record originated, who would have testified concerning their authenticity. Exhibit 3 was properly admitted during trial as a business record under MRE 803(6). A proper foundation for this

exhibit was laid by the testimony of the prison records clerk. Defendant did not object during trial to the admissibility of Exhibits 4 and 5, certified copies of judgments. Indeed, defense counsel stated on the record that he had no objection to their admissibility, and, in fact, they were admissible under MCL 600.2106; MSA 27A.2106. They were identified and entered into evidence pursuant to the testimony of the probation and parole officer for Eaton County.

We have considered each of the allegations of error raised by the defendant in this appeal, and we find that none of them constitutes error requiring reversal. Defendant's conviction is affirmed.

Affirmed.