# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DANIEL JAMES DELAMIELLEURE,

        Defendant-Appellant.

UNPUBLISHED
January 16, 2018

No. 333633
Macomb Circuit Court
LC No. 2015-001471-FH

---

Before: TALBOT, C.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

A jury acquitted defendant of charges of assault by strangulation, MCL 750.84(1)(b), and felonious assault, MCL 750.82, but convicted him of aggravated domestic violence, MCL 750.81a, interfering with the reporting of a crime, MCL 750.483a, and possession of a firearm during the commission of a felony, MCL 750.227b. The trial court denied defendant's motion for a new trial. The trial court sentenced defendant to time served (1 day) for his convictions of aggravated domestic violence and interfering with the reporting of a crime, and two years' imprisonment for the felony-firearm conviction. Defendant appeals as of right. We affirm.

Defendant's convictions arise from an altercation with his former girlfriend. The victim lived in Chicago, but was in a relationship with defendant, who lived in Michigan. On December 30, 2014, while the victim was staying with defendant in his home, they got into an argument early in the day after the victim received a text message from a male friend. The argument was eventually resolved, and defendant went out drinking with his brother. According to the victim, when defendant returned, he was upset because his male roommate had told him that the victim talked to him. The victim alleged that defendant repeatedly assaulted her, at one point strangling her, and at another point firmly pressing a gun on her head behind her ear. When the victim tried to call 911, defendant grabbed her cellphone, snapped it in half, and threw it into the closet. According to the victim, she eventually managed to escape and drive to her friend's house.

Defendant disputed these events at trial. He admitted to throwing the victim's phone, but testified that he grabbed and restrained the victim in an effort to calm her down. He also admitted shoving her against the side of the closet and regretted using enough force that may have caused her to hit her head on something inside the closet. According to defendant, the victim chose to leave the house wearing only her nightshirt and some shorts. Defendant claimed

-1-

that, after the victim left, he cleaned his house, called a friend to pick him up, and spent the night at his friend's house because he thought the victim might come back and he did not want to argue with her further. Defendant denied placing his hands around the victim's neck and denied owning a gun or possessing a gun during the incident. The police later searched defendant's house, but did not recover a firearm.

## I. PROSECUTORIAL MISCONDUCT

Defendant argues that he is entitled to a new trial due to several incidents of misconduct by the prosecutor. Defendant preserved most of his claims with appropriate objections at trial. A preserved claim of prosecutorial misconduct is reviewed de novo to determine whether the defendant was denied a fair and impartial trial. *People v Abraham,* 256 Mich App 265, 272; 662 NW2d 836 (2003). Defendant also raised each of his appellate claims in a motion for a new trial, which the trial court denied. A trial court's decision denying a defendant's motion for a new trial is reviewed under the following standards:

> We review for an abuse of discretion a trial court's decision to grant or deny a new trial. *People v Miller,* 482 Mich 540, 544; 759 NW2d 850 (2008). An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes. *People v Blackston,* 481 Mich 451, 467; 751 NW2d 408 (2008). Underlying questions of law are reviewed de novo, *People v Washington,* 468 Mich 667, 670-671; 664 NW2d 203 (2003), while a trial court's factual findings are reviewed for clear error, MCR 2.613(C); *People v Cress,* 468 Mich 678, 691; 664 NW2d 174 (2003). "A trial court may grant a new trial to a criminal defendant on the basis of any ground that would support reversal on appeal or because it believes that the verdict has resulted in a miscarriage of justice." *People v Jones,* 236 Mich App 396, 404; 600 NW2d 652 (1999), citing MCR 6.431(B). [*People v Terrell*, 289 Mich App 553, 558-559; 797 NW2d 684 (2010), overruled in part on other grounds by *People v Grissom*, 492 Mich 296 (2012).]

The test for prosecutorial misconduct is whether the defendant was denied a fair trial. *People v Bahoda*, 448 Mich 261, 266-267; 531 NW2d 659 (1995). Claims of prosecutorial misconduct are decided case by case and challenged conduct must be viewed in context. *People v McElhaney*, 215 Mich App 269, 283; 545 NW2d 18 (1996). Prosecutorial misconduct may not be predicated on good-faith efforts to admit evidence. *People v Noble*, 238 Mich App 647, 660; 608 NW2d 123 (1999). The prosecutor is entitled to attempt to introduce evidence that he legitimately believes will be accepted by the trial court, so long as it does not prejudice the defendant. *Id.* at 660-661. "Curative instructions are sufficient to cure the prejudicial effect of most inappropriate prosecutorial statements, and jurors are presumed to follow their instructions." *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008) (internal citation omitted).

Defendant argues that it was improper for the prosecutor to ask him why the friend at whose house he allegedly stayed on the night of the incident did not testify at trial. Defendant contends that the prosecutor's question improperly shifted the burden of proof. We disagree. In *People v Fields*, 450 Mich 94, 111-112; 538 NW2d 356 (1995), our Supreme Court explained

when a prosecutor's comments or questions cross the line of permissible argument and shift the burden of proof:

> Our Court of Appeals has addressed on many occasions the claim that prosecutorial comment on the failure of the defendant to call corroborating witnesses "shifted the burden of proof." See *People v Spivey*, 202 Mich App 719, 509 NW2d 908 (1993); *People v Holland*, 179 Mich App 184; 445 NW2d 206 (1989); *People v Shannon*, 88 Mich App 138, 145; 276 NW2d 546 (1979). These published opinions of the Court of Appeals have consistently held that when a defendant advances an alternate theory or alibi, "the prosecution, by commenting on the nonproduction of corroborating alibi witnesses, is merely pointing out the weakness in defendant's case" and not "improperly shifting the burden of proof to the defendant." *Shannon, supra* at 145.

> In *People v Gant*, 48 Mich App 5; 209 NW2d 874 (1973), the Court of Appeals explained why such comment does not shift the burden of proof.

>> This approach [comment by the prosecutor on the defendant's failure to call witnesses to support his defense] does not cast the burden upon defendant to prove his innocence since defendant cannot be convicted upon the basis that he failed to affirmatively prove his defense. The circumstantial evidence resulting from defendant's failure to offer evidence and witnesses to support a proffered defense is no substitute for the prosecutor's burden to prove defendant guilty beyond a reasonable doubt. In spite of this failure, defendant cannot be convicted unless the prosecution has carried its burden of proof on every element of the crime charged. While defendant is free to offer to the jury a defense supported only by his testimony, the nonproduction of other evidence, known and available to defendant, provides the jury with yet another fact for use to test his credibility. [*Id*. at 9-10.]

> Stated otherwise, if the prosecutor's comments do not burden a defendant's right not to testify, commenting on a defendant's failure to call a witness does not shift the burden of proof. *United States v Dahdah*, 864 F2d 55 (CA 7, 1988). [Alternations in original.]

Defendant testified at trial and offered his version of events, including that he spent the night with his friend to avoid further confrontation with the victim, not to hide from the police. Because defendant's testimony made the issue of the friend's identity and possible testimony relevant, *Fields*, 450 Mich at 116, the prosecutor's question about defendant's failure to call his friend as a witness at trial was not improper. Defendant had already elected to testify, so the question did not impact defendant's decision to testify. Further, the question about nonproduction of a corroborating witness was a permissible question related to the strength of defendant's testimony, and we do not consider it as shifting the burden of proof to defendant.

The prosecutor was entitled to explore whether defendant's alleged friend was a "fictional character." *Id*. at 117-118.

Defendant also argues that the prosecutor impermissibly used defendant's prearrest silence as substantive evidence of his guilt when questioning defendant about why he did not tell his version of the events to anyone sooner. We disagree. In *People v Solmonson*, 261 Mich App 657, 664-665; 683 NW2d 761 (2004), this Court explained:

> A defendant's right to due process guaranteed by the Fourteenth Amendment is violated where the prosecutor uses his postarrest, post-*Miranda* warning silence for impeachment or as substantive evidence unless it is used to contradict the defendant's trial testimony that he made a statement, that he cooperated with police, or that trial was his first opportunity to explain his version of events. But in the instant case, nothing indicates that the police ever read defendant the *Miranda* warnings, even after his arrest. Moreover, although the prosecutor's questions were broad enough to encompass both prearrest and postarrest timeframes, the record reflects that defendant never invoked his constitutional right to silence. The defendant's right to due process is implicated only where his silence is attributable to either an invocation of his Fifth Amendment right or his reliance on the *Miranda* warnings. Thus, where a defendant has received no *Miranda* warnings, no constitutional difficulties arise from using the defendant's silence before or after his arrest as substantive evidence unless there is reason to conclude that his silence was attributable to the invocation of the defendant's Fifth Amendment privilege. [Citations omitted.]

See also *People v McGhee*, 268 Mich App 600, 634-635; 709 NW2d 595 (2005). Here, the prosecutor's questions did not infringe on defendant's right to remain silent because they involved defendant's silence without regard to any custodial interrogation or invocation of his right to remain silent. Instead, the prosecutor's questions involved proper inquiries regarding the strength or weakness of defendant's testimony. Accordingly, they were not improper.

Next, defendant argues that the prosecutor engaged in misconduct by attempting to elicit hearsay evidence that defendant's roommate told the police that defendant owned or possessed a firearm. At trial, the prosecutor acknowledged that any information from the roommate about a gun involved an out-of-court statement, but he argued that it was being offered only to show what the police did when they arrived at defendant's house, not for its truth, and therefore was not hearsay. See MRE 801(c). The trial court disagreed and precluded this line of questioning. As indicated earlier, a prosecutor is entitled to attempt to introduce evidence that he legitimately believes will be accepted by the trial court, so long as it does not prejudice the defendant. *Noble,* 238 Mich App at 660-661. Further, the trial court protected defendant's rights by foreclosing the challenged line of questioning, and by promptly instructing the jury to disregard the prosecutor's questions and any information provided by the roommate to the police. The trial court's swift response to the prosecutor's questions was sufficient to alleviate any prejudice. *Unger*, 278 Mich App at 235. Accordingly, the questions did not deny defendant a fair trial.

Defendant also argues that the prosecutor engaged in misconduct by suggesting during his cross-examination of defendant that defendant had attempted to bribe the victim by paying

back a $10,000 loan if she would not testify at trial. The trial court sustained defense counsel's objection to the prosecutor's question and instructed the jury to disregard it. We agree with defendant that the prosecutor's question was improper, but disagree that defendant is entitled to appellate relief. As the trial court observed, there was no evidence linking defendant's legal obligation to repay the victim's loan to an attempt to convince the victim not to proceed with the charges or testify at trial. Because the prosecutor's suggestion was not based on any facts or evidence, or reasonable inferences that could be drawn from any evidence, the question cannot be deemed to have been made in good faith. However, the prosecutor's question did not deny defendant a fair trial. The improper question was met with an immediate objection, which led to the trial court instructing the jury to disregard the question and strongly stating that "[t]here is absolutely no evidence presented in this case that any attempt was ever made for payment in return of a reduction or dismissal of any charges, there is no evidence to that effect." The trial court also emphasized that questions asked by the attorneys are not evidence, an instruction that it repeated in its final instructions. The jury is presumed to have followed the court's instruction. *Unger*, 278 Mich App at 235. Under these circumstances, the prosecutor's improper question did not deny defendant a fair trial.

Lastly, defendant argues that the cumulative effect of the prosecutor's misconduct denied him a fair trial. See *People v Hill*, 257 Mich App 126, 152; 667 NW2d 78 (2003). However, to the extent that the prosecutor acted improperly, the trial court's immediate responses to the prosecutor's conduct and curative instructions were sufficient to protect defendant's rights and ensure that he received a fair trial. *Unger*, 278 Mich App at 235.

## II. JURY INSTRUCTIONS

In his final issue, defendant argues that the trial court erred when it responded to a jury note inquiring about the felony-firearm charge by reinstructing the jury on the elements of felony-firearm. We disagree. The jury note stated:

> The separate crime of possessing a firearm at the time he committed the crime of Assault with a Dangerous Weapon.
>
> Does that mean a gun is in the house.
>
> Or does that mean he is holding a gun.

After conferring with the attorneys, all parties agreed that it would be appropriate to reinstruct the jury on the elements of felony-firearm. Defense counsel expressly stated that he was satisfied with that decision. The trial court thereafter reinstructed the jury on the elements of felony-firearm in accordance with the parties' agreement. Because defense counsel expressly approved the trial court's response to the jury's note, this claim of error is waived, leaving no error to review. *People v Kowalski*, 489 Mich 488, 503-504; 803 NW2d 200 (2011); *People v Riley*, 465 Mich 442, 448; 636 NW2d 514 (2001) ("Counsel may not harbor error as an appellate parachute."). Even were we to address the issue, we would disagree with defendant because the

trial court's response to the jury's question was appropriate. The question involved what type of conduct was necessary to prove the offense of felony-firearm, which is exactly what the trial court addressed in its supplemental instructions.[1]

Affirmed.

/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien

---

[1] Defendant also points to post-verdict interviews with jurors in support of his argument. However, all references that defendant makes to those interviews are a product of the jury's deliberative process, which cannot be a basis for granting a new trial. See *People v Fletcher*, 260 Mich App 531, 540; 679 NW2d 127 (2004). Defendant also points to the fact that he was convicted of felony-firearm but not an underlying felony. However, appellate relief is not available where a jury acquits a defendant of an underlying felony charge, but convicts the defendant of felony-firearm. *People v Lewis*, 415 Mich 443, 448-453; 330 NW2d 16 (1982); *People v Vaughn*, 409 Mich 463, 464-465; 295 NW2d 354 (1980). The jury may have chosen to be lenient by convicting on only one offense or it reached a compromised verdict. In either situation, appellate courts will not afford a defendant relief. *Lewis*, 415 Mich at 452-453. And while juror confusion arising from an error with the instructions may warrant a new trial, *Lewis*, 415 Mich at 450 n 9, the instruction in this case was proper.