*In re* PERRY

Docket No. 138029. Submitted November 13, 1991, at Detroit. Decided April 20, 1992, at 9:15 A.M.

The Department of Social Services petitioned the St. Clair Probate Court to exercise jurisdiction over the three minor children of Terry L. Perry and Theresa Stesney, alleging that Perry had sexually abused one of the children and that there was no food in Perry's house. The court took temporary custody of the children. After Perry was convicted of the rape of the one child, the DSS petitioned for the termination of his parental rights in the children on the basis of MCL 712A.19b(3)(e); MSA 27.3178(598.19b)(3)(e), now MCL 712A.19b(3)(h); MSA 27.3178(598.19b)(3)(h), which provides for termination of parental rights where the parent is imprisoned for such a period that the child will be deprived of a normal home life for more than two years, the parent has not provided proper care and custody of the child, and there is no reasonable expectation that the parent will be able to provide proper care and custody of the child within a reasonable time, considering the age of the child. The court, Robert R. Spillard, J., granted the petition, finding that even if Perry was released when he first became eligible for parole, his total term of imprisonment would exceed two years. Perry appealed.

The Court of Appeals *held:*

Even if the trial court erred in determining that there was compliance with the two-year imprisonment element of subsection 19b(3)(e), that error was harmless, because the other two elements of that subsection are identical to the elements needed for termination pursuant to subsection 19b(3)(d), MCL 712A.19b(3)(d); MSA 27.3178(598.19b)(3)(d), now MCL 712A.19b(3)(g); MSA 27.3178(598.19b)(3)(g). Because the termination of parental rights could have been sought and secured under subsection 19b(3)(e) and because notice of the proofs respondent would have had to face with respect to that subsection constituted sufficient notice of the proofs involved with respect to subsection 19b(3)(d), application of the harmless error rule presents no question regarding due process.

Affirmed.

*Robert J. Nickerson,* Prosecuting Attorney (by *Peter R. George,* Chief Appellate Attorney), for the Department of Social Services.

*McIntosh, McColl, Carson, McNamee, Strickler & Houle* (by *Antoine F. Houle*), for Terry L. Perry.

Before: WEAVER, P.J., and MICHAEL J. KELLY and MARILYN KELLY, JJ.

MARILYN KELLY, J. Respondent Terry Perry appeals as of right from an order of the St. Clair Probate Court terminating his parental rights in his three minor children. We affirm.

The probate court initially exercised jurisdiction over the children after the Department of Social Services filed a petition alleging that respondent sexually abused one of the children. The other two children had observed respondent molesting that child, and that child had complained that her father forced her to touch his penis. Additionally, a physician had discovered that the child had a healed vaginal tear. The petition further alleged that there was no food in respondent's home.

After the court took temporary custody of the children, respondent was convicted of raping the child. MCL 750.520c; MSA 28.788(3). He was sentenced to a prison term of 3½ to 5 years.

On the basis of the prison sentence, DSS petitioned the court to terminate respondent's parental rights under subsection 19b(3)(e) of the Juvenile Code. MCL 712A.19b(3)(e); MSA 27.3178(598.19b)(3)(e), now MCL 712A.19b(3)(h); MSA 27.3178(598.19b)(3)(h). Although the court noted that DSS "could have, and maybe should have, proceeded with this case under a different ground," it found that the provisions of subsection 19b(3)(e) had been satisfied.

Subsection 19b(3)(e) provided that termination of

parental rights was warranted if the court found, by clear and convincing evidence, that the three following factors were present:

> [1] The parent is imprisoned for such a period that the child will be deprived of a normal home for a period exceeding 2 years, and
> [2] the parent has not provided for the child's proper care and custody, and
> [3] there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the age of the child.

It is questionable whether the trial court properly applied the first prong of subsection 19b(3)(e) to the facts of this case. The judge found that, even if respondent were to be released when he first became eligible for parole, his total term of imprisonment would have exceeded two years. However, in making this finding, he considered defendant's past incarceration. The focus of the first element of subsection 19b(3)(e) is "whether the imprisonment will deprive a child of a normal home for two years in the future, and not whether past incarceration has already deprived the child of a normal home." *In re Neal,* 163 Mich App 522, 527; 414 NW2d 916 (1987).

Even if the trial judge misinterpreted the first element of subsection 19b(3)(e), the error was harmless. At the time of the rulings, termination was warranted under subsection 19b(3)(d) if the second two elements of subsection 19b(3)(e) were satisfied, regardless of whether the first element was met. Subsection 19b(3)(d) provided for termination if there is clear and convincing evidence that:

> The parent, without regard to intent, fails to provide proper care or custody for the child and

there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the age of the child. [MCL 712A.19b(3)(d); MSA 27.3178(598.19b)(3)(d), now MCL 712A.19b(3)(g); MSA 27.3178(598.19b)(3)(g).]

Thus, if the second two requirements of subsection 19b(3)(e) were satisfied but the first was not, termination was nonetheless justified under subsection 19b(3)(d).

There is no due process violation in applying the harmless error analysis to this case. Although the termination petition was brought solely under subsection 19b(3)(e), respondent was given adequate notice of the proofs that he would have to present to overcome termination under subsection 19b(3)(d). Both elements of subsection 19b(3)(d) were contained in 19b(3)(e).

We find no clear error in the trial judge's finding that respondent failed to provide for the children's proper care and custody. We agree that there was no reasonable likelihood that he would be able to do so within a reasonable time. MCL 712A.19b(3)(d); MSA 27.3178(598.19b)(3)(d); MCR 5.974(I); *In re Cornet,* 422 Mich 274, 277; 373 NW2d 536 (1985).

Respondent raped one of his daughters. He did not provide for his children while in prison. He refused to communicate with them for months at a time. Finally, when termination was ordered, respondent had a minimum of one year and five months left on his prison term.

Affirmed.