# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Z B-L PALAN-LILLAND, Minor.

UNPUBLISHED
February 2, 2016

No. 328819
Kalamazoo Circuit Court
Family Division
LC No. 2015-000131-NA

Before: BECKERING, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating her parental rights to her minor son under MCL 712A.19b(3)(a)(*ii*), MCL 712A.19b(3)(g), and MCL 712A.19b(3)(j).[1] Petitioners are the child's maternal grandparents and have guardianship over him under the Estates and Protected Individual Code. See MCL 700.1101 *et seq.* Because the trial court did not clearly err when it found that petitioners presented clear and convincing evidence to establish at least one ground for termination and did not clearly err when it found that termination was in the child's best interests, we affirm.

In February 2013, petitioners picked up their grandson and his sister in Iowa and brought them to live in Michigan. According to respondent's father, they had planned to have their daughter also move in and "get re-established." He stated that, in April 2013, respondent traveled from Iowa to Michigan to also live with them, but she changed her mind a few days after her arrival and left. She then called and told petitioners that she was coming back to collect her things and that "her things included her kids." When she returned, her minor son indicated that he did not want to go with her. Respondent took her daughter and moved back to Iowa, leaving her minor son with petitioners.

In the trial court, the parties presented conflicting evidence as to whether respondent made an effort to communicate with her son or provide him with any support. Respondent generally testified that she tried to communicate with her son and support him, but petitioners prevented her from doing so. Petitioners, in contrast, presented evidence that their daughter made no effort to communicate with her son or support him even indirectly.

---

[1] The child's father is deceased.

-1-

The trial court found petitioners' version of events to be more credible. Indeed, it found that respondent had abandoned her son for the last two years:

> Something happened the day she [respondent] picked up her children and she decided that the son was not going to be a part of her life. Maybe it was a—at the time, I think he was about twelve saying I don't want to be with you. A lot of people get hurt by that and she walked away, and she did not make any attempts for two years, as far as this court is concerned, to try to get back into that child's life.

At the conclusion of the hearing, the trial court found that petitioners had established grounds for terminating respondent's parental rights.

On appeal, respondent argues that the court clearly erred when it found that petitioners established a ground for termination by clear and convincing evidence. This Court reviews for clear error a trial court's factual findings following a termination hearing. MCR 3.977(K). A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003).

Petitioners had the burden to establish by clear and convincing evidence at least one ground for terminating respondent's parental rights to the minor child. See *In re Gonzales/Martinez*, 310 Mich App 426, 431; 871 NW2d 868 (2015). In rendering its decision, the trial court in relevant part found that petitioners had established by clear and convincing evidence that respondent had "deserted the child for 91 or more days and has not sought custody of the child during that period." MCL 712A.19b(3)(a)(*ii*).

Petitioners presented evidence that respondent had not had any contact with her son since "about the first week, maybe second week, of April 2013," after she left him with them and went back to Iowa. Although respondent testified that she tried to contact her son and indirectly support him in various ways, she did not produce any proof to substantiate her testimony, which the court found incredible. The evidence further showed that respondent did not contact the authorities to complain that her parents were withholding the child from her and did not file any complaints or motions in the guardianship case. Because the evidence on this ground was largely a matter of the weight and credibility to be afforded the witnesses, this Court must defer to the trial court's superior opportunity to judge the credibility of the witnesses. See *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989). And the trial court found petitioners' version of events to be more credible than respondents' version.

Although the trial court cited MCL 712A.19b(3)(a)(*ii*) as the relevant statutory ground, we believe that the ground stated under MCL 712A.19b(3)(f) more aptly applies under the facts of this case. In their petition and complaint, petitioners alleged that their daughter had the ability to support and contact the minor child and failed to do either without good cause for two or more years. They asserted similar allegations in their petition for authority to consent to adoption. Although petitioners asserted these allegations in support of their contention that the court could take jurisdiction over the child under MCL 712A.2(b)(6), the provisions of that statute are substantially similar to the grounds for terminating parental rights under MCL 712A.19b(3)(f).

Taking the allegations as a whole, it is evident that petitioners asserted that the trial court could not only take jurisdiction over the minor child on the basis of their daughter's failure to support and contact the minor child for two or more years, but also that the court could terminate her parental rights on that same ground. Respondent was plainly on notice that it was petitioners' position that she abandoned her child for two or more years while under a guardianship, which would satisfy the ground for termination under MCL 712A.19b(3)(f); accordingly, she had adequate notice of the proofs she would have to present to overcome termination under that statute. See *In re Perry*, 193 Mich App 648, 651; 484 NW2d 768 (1992).

Moreover, the trial court specifically found that petitioners established that respondent had the ability to provide regular and substantial support and failed to do so without good cause for two or more years, and that she similarly failed to regularly and substantially visit, contact, or communicate with her child without good cause for two or more years. Although the trial court made these findings in the context of taking jurisdiction under MCL 712A.2(b)(6), it emphasized that it found that petitioners established those failures by clear and convincing evidence, which is the higher burden applicable to establishing grounds for termination. See *In re Riffe*, 147 Mich App 658, 670; 382 NW2d 842 (1985). Accordingly, we are convinced that the trial court actually found that petitioners established this ground for termination by clear and convincing evidence, and that its failure to cite that ground was merely inadvertent. Finally, we are not left with the definite and firm conviction that the trial court clearly erred when it found that petitioners had established by clear and convincing evidence grounds for terminating respondent's parental rights under MCL 712A.19b(3)(f).

Although respondent has not challenged the trial court's finding on the child's best interests, we nevertheless conclude that the trial court did not clearly when it found that termination was in the child's best interests. See MCL 712A.19b(5). Finally, because petitioners only had to establish one statutory ground for termination, we decline to address the other grounds in support of termination. See *In re Gonzales/Martinez*, 310 Mich App at 431.

Affirmed.

/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly