# STATE OF MICHIGAN

# COURT OF APPEALS

<table>
<tr><td>In re J. M. C. GOSSMAN, Minor.</td><td>UNPUBLISHED<br>October 11, 2016<br><br>No. 332521<br>St. Clair Circuit Court<br>Family Division<br>LC No. 15-000410-NA</td></tr>
</table>

Before: SAAD, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating her parental rights to the minor child pursuant to MCL 712A.19b(3)(g) (failure to provide proper care or custody), (h) (parent is imprisoned for two or more years and failed to provide for proper care and custody), (i) (parent's rights were terminated to child's siblings due to serious and chronic neglect), and (j) (reasonable likelihood that child will be harmed if returned to parent). We affirm.

Respondent first argues that the trial court erred in finding that the cited statutory grounds for termination were established by clear and convincing evidence. We disagree.

We review the trial court's findings regarding the existence of a statutory ground for termination for clear error. *In re Laster*, 303 Mich App 485, 491; 845 NW2d 540 (2013); MCR 3.977(K). " 'A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses.' " *Laster*, 303 Mich App at 491 (citation omitted).

MCL 712A.19b(3)(g) provides that the trial court may terminate the rights of a parent to a child if the court finds, by clear and convincing evidence, that "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." MCL 712A.19b(3)(h) provides that the trial court may terminate the rights of a parent to a child if the court finds, by clear and convincing evidence, that

> [t]he parent is imprisoned for such a period that the child will be deprived of a normal home for a period exceeding 2 years, and the parent has not provided for the child's proper care and custody, and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

"The focus of the first element of [MCL 712A.19b(3)(h)] is 'whether the imprisonment will deprive a child of a normal home for two years in the future, and not whether past incarceration has already deprived the child of a normal home.' " *In re Perry*, 193 Mich App 648, 650; 484 NW2d 768 (1992) (citation omitted). MCL 712A.19b(3)(i) provides that the trial court may terminate the rights of a parent to a child if the court finds, by clear and convincing evidence, that "[p]arental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and prior attempts to rehabilitate the parents have been unsuccessful." Finally, MCL 712A.19b(3)(j) provides that the trial court may terminate the rights of a parent to a child if the court finds, by clear and convincing evidence, that "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent."

Respondent failed to provide proper care or custody for the child. Not only did she use drugs during her pregnancy, she continued to expose the child to a risk of harm by using drugs and cooking methamphetamine in the home where the child lived, an activity that had previously caused her serious injury. There was testimony indicating that manufacture of methamphetamine creates a risk of dangers, such as fires, and that the fumes emitted during the process are dangerous to those who breathe it in. The evidence also showed that the child's personal hygiene was neglected, because he was dirty and dressed in inappropriate and dirty clothing. Respondent had twice been provided with services to address her long-term substance abuse problem. The first time, she made little progress and was facing termination of her parental rights to five other children when she elected to release those rights. The second time, respondent was provided with services after the instant child was born with drugs in his system. She made progress, but was unable to sustain it. Several years after the second case was closed, respondent was again involved with drugs, both using methamphetamine and manufacturing methamphetamine in her home.

Respondent was convicted for her activities and was serving a prison sentence of 29 months to 20 years at the time of termination. There was no evidence that respondent made alternative arrangements for the child's care in her absence. Her earliest release date was over two years after termination. Although respondent contended that she would be released early after successful completion of a boot camp program, the trial judge in the criminal case had yet to decide if respondent would attend the boot camp program. Therefore, respondent could only speculate regarding whether she would participate in the boot camp program. The Child Protective Services (CPS) worker testified that respondent was unable to provide proper care and custody at the time of the termination hearing and that no services could be offered to further the goal of reunification. Thus, even assuming that respondent were released early following successful completion of boot camp, she would not be immediately capable of providing proper care and custody for the child, and indeed, the testimony of the caseworker indicates that respondent was incapable of providing proper care and custody.

Accordingly, respondent failed to provide proper care and custody for the child when she used drugs and manufactured drugs in the presence of the child, and there was no reasonable likelihood that respondent would be able to provide proper care and custody within a reasonable time considering the child's young age because respondent continued to use and manufacture drugs in spite of several opportunities to rectify her behavior. See MCL 712A.19b(3)(g). Additionally, the court properly determined that MCL 712A.19b(3)(h) was established by clear

and convincing evidence as respondent was imprisoned for a period that would deprive the child of a normal home for a period exceeding two years, and she did not make other arrangements for his care and custody. See MCL 712A.19b(3)(h).

In addition, respondent's history of drug use subjected the child to a risk of harm because respondent abused drugs during her pregnancy. She resumed using drugs after regaining custody of the child, and expanded into methamphetamine production in her home, a highly hazardous activity. Indeed, respondent's methamphetamine production had caused a fire that resulted in severe injury to respondent. Despite her awareness of the hazard, respondent resumed this production while the child remained in the home. The trial court, therefore, did not clearly err in finding that the evidence also supported termination under MCL 712A.19b(3)(j) because there was a reasonable likelihood, based on respondent's conduct, that the child would be harmed if returned to respondent's home. See MCL 712A.19b(3)(j).

Respondent argues that termination was improper under MCL 712A.19b(3)(i) where she previously voluntarily released her parental rights to her other children. It is unnecessary to consider this argument. Because the trial court did not clearly err in finding that grounds for termination were established under MCL 712A.19b(3)(g), (h), and (j), any error in relying on MCL 712A.19b(3)(i) as an additional ground for termination would be harmless. See *In re Frey*, 297 Mich App 242, 244; 824 NW2d 569 (2012) ("It is only necessary for the [DHHS] to establish by clear and convincing evidence the existence of one statutory ground to support the order for termination of parental rights.").

Respondent also argues that the trial court erred in finding that termination of her parental rights was in the child's best interests. We disagree.

The trial court's decision regarding the child's best interests is also reviewed for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014); MCR 3.977(K). Whether termination is in the child's best interests is determined by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). A trial court weighs all available evidence in determining the best interests of the child. *White*, 303 Mich App at 713. The court considers a wide variety of factors, which may include " 'the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home.' " *Id*. (citation omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *Id*. at 714.

Respondent had a serious drug problem that she had not been able to overcome despite its negative impact on her life, and there was no evidence that she was dedicated to sobriety. It led to her voluntary termination of her parental rights to five other children and the temporary loss of custody to the instant child. Respondent was not able to achieve sobriety and maintain it. Not only did she resume using drugs, she engaged in the highly hazardous activity of methamphetamine production and did so while the child was in the home, exposing him to an unreasonable risk of harm and resulting in a potentially lengthy prison sentence for her. The trial court did not clearly err in finding that termination of respondent's parental rights was in the child's best interests.

Affirmed.

/s/ Henry William Saad
/s/ Kathleen Jansen
/s/ Michael J. Kelly