*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re DORNBOS, Minors.

UNPUBLISHED
March 11, 2026
10:44 AM

No. 376665
Newaygo Circuit Court
Family Division
LC No. 2024-009925-NA

Before: LETICA, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

Respondent-father appeals by leave granted the trial court's order terminating his parental rights to the minor children, FD and RD, under MCL 712A.19b(3)(k)(*ii*) (abuse of the child or sibling involving criminal sexual conduct with penetration, attempted penetration, or intent to penetrate).[1] Respondent argues that (1) the trial court erred by finding that a statutory ground existed to terminate respondent's parental rights with respect to FD and RD,[2] and (2) the trial court deprived respondent of his due-process rights by denying him the opportunity for judicial review of the referee's findings. We vacate the trial court's order terminating respondent's parental rights with respect to FD and RD and remand for further proceedings.

## I. FACTS

In December 2023, respondent's adopted daughter, MD, disclosed to her mother that respondent, a police officer, had repeatedly sexually assaulted her for years, entering her bedroom at night. In February 2024, petitioner, the Department of Health and Human Services (DHHS), filed a mandatory petition requesting termination of respondent's parental rights with respect to MD and respondent's

---

[1] *In re Dornbos Minors*, unpublished order of the Court of Appeals, entered November 6, 2025 (Docket No. 376665).

[2] Respondent does not challenge the trial court's termination order insofar as it ended his parental rights to MD.

biological children, FD and RD, based on respondent's sexual abuse of MD.[3]  See MCL 722.638(1)(a)(*ii*). In February 2025, in the related criminal case, respondent entered a no-contest plea to one count of MCL 750.520b, first-degree criminal sexual conduct (CSC-I), in exchange for a sentence agreement and dismissal of his other criminal charges.  Thereafter, respondent was sentenced to serve 10 to 40 years' imprisonment.

On May 7, 2025, respondent entered a no-contest plea during the adjudicative phase of the proceedings in this case.  The referee admitted as exhibits respondent's judgment of sentence from the criminal case as well as the transcript of respondent's February 2025 no-contest plea.

Three weeks later, on May 28, the referee presided over a combined initial dispositional hearing and termination hearing.  The referee admitted the transcript of respondent's criminal sentencing hearing into evidence.  MD's therapist and the children's mother testified.  Respondent objected to the testimony by MD's therapist and the children's mother regarding what MD had told them about the abuse as hearsay. The referee sustained the objections to the extent that their testimony was used to establish that a statutory ground for termination existed.[4]  Thereafter, the referee found that the statutory grounds for termination of respondent's parental rights existed under MCL 712A.19b(3)(k)(*ii*) and that termination was in the children's best interests.  The termination hearing ended at 10:35 a.m.

The referee submitted a recommended order to the judge that day without a summary of the testimony taken at the termination hearing at 5:36 p.m.  The judge viewed the e-mailed recommended order at 6:31:23 p.m. and signed it 28 seconds later.

On June 4, 2025, respondent filed a request for review of the referee's recommendation pursuant to MCR 3.991(B).  On June 5, 2025, DHHS responded arguing that respondent's request was untimely under MCR 3.991(A)(4) because the judge had already entered an order.  The trial court agreed and denied respondent's request for review of the referee's recommended order as untimely on June 13, 2025. Respondent now appeals.

II.  ANALYSIS

We review a trial court's decision whether the statutory grounds for termination were established for clear error.  *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011).  We also review a trial court's factual findings in a termination hearing for clear error.  See MCR 3.977(K); *In re Gonzales/Martinez*, 310 Mich App 426, 430; 871 NW2d 868 (2015).  A finding is clearly erroneous if we

---

[3] Respondent also has two older children who live in Ionia County.  DHHS had also filed a petition in Ionia County that the Ionia trial court dismissed for lack of jurisdiction.  On appeal, this Court affirmed the trial court's dismissal order.  *In re Dornbos*, unpublished per curiam opinion of the Court of Appeals, issued January 31, 2025 (Docket No. 370454).

[4] Termination of parental rights at an initial disposition requires the court to find statutory grounds "on the basis of clear and convincing legally admissible evidence that [was] introduced at the trial or plea proceedings, or that is introduced at the dispositional hearing, that one or more facts alleged in the petition" are true and establish statutory grounds for termination.  MCR 3.977(3)(E).

are "left with a definite and firm conviction that a mistake has been made." *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010) (quotation marks and citation omitted).

We review a trial court's decision to admit evidence for an abuse of discretion. *In re Brown/Kindle/Muhammad*, 305 Mich App 623, 629; 853 NW2d 459 (2014). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Id*. (quotation marks and citation omitted). "Constitutional questions and issues of statutory interpretation, as well as family division procedure under the court rules, are reviewed de novo." *In re AMAC*, 269 Mich App 533, 536; 711 NW2d 426 (2006).

Respondent first argues that the trial court erred by finding that the statutory grounds to terminate his parental rights with respect to RD and FD existed by clear and convincing, legally admissible evidence under MCL 712A.19b(3)(k)(*ii*). We agree.

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App at 139. In this case, DHHS argued for termination under MCL 712A.19b(3)(b)(*i*), (j), (k)(*ii*), and (m)(*i*). The referee recommended that respondent's parental rights be terminated under MCL 712A.19b(3)(k)(*ii*) without addressing whether the other subsections that DHHS relied upon were proven. The trial court reviewed the referee's recommendation and terminated respondent's parental rights to the children under MCL 712A.19b(3)(k)(*ii*), which provides:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> \* \* \*
>
> (k) The parent abused the child or a sibling of the child, the abuse included 1 or more of the following, and there is a reasonable likelihood that the child will be harmed if returned to the care of the parent:
>
> \* \* \*
>
> (*ii*) Criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate.

Because DHHS sought termination of respondent's parental rights at the initial dispositional hearing, clear and convincing, legally admissible evidence was required to establish that a statutory ground for termination existed. See MCR 3.977(E)(3); *In re Utrera*, 281 Mich App 1, 17-18; 761 NW2d 253 (2008).

Absent an exception not relevant here, when a defendant enters a plea of no contest in a criminal proceeding, MRE 410(a) prohibits the admission of a *nolo contendere* plea and the statements made during the plea proceedings. Relatedly, a judgment of sentence on a *nolo contendere* plea is only excluded from the rule against hearsay when, in part, admission is permitted by MRE 410. MRE 803(22)(A). Although this Court has previously concluded that a judgment of sentence and a respondent's *nolo contendere* plea may be used at a termination hearing to establish the fact that the conviction occurred, this conclusion was premised on the reasoning that only the rules of evidence governing relevancy and materiality apply during the dispositional phase. *In re Andino*, 163 Mich App 764, 770, 773; 415 NW2d

306 (1987). Because all rules of evidence apply when termination is sought at the initial dispositional hearing, *In re Utrera*, 281 Mich App at 17-18, the *In re Andino* rationale would not apply in such cases, and a judgment of sentence and *nolo contendere* plea would be inadmissible as dictated by MRE 410(a).

In this case, because the prosecution sought termination at the initial dispositional hearing and because legally admissible evidence was required to establish that a statutory ground for termination existed, MRE 410(a) applied. See *In re Utrera*, 281 Mich App at 17-18. Therefore, respondent's *nolo contendere* plea and any statements made during the plea hearing were inadmissible for the purpose of showing that respondent sexually abused MD. See MCL 712A.19b(3)(k)(*ii*); MRE 410(a).

DHHS argues that even though respondent later raised the evidentiary impact of his no-contest plea during the termination hearing, respondent did not specifically object to the admission of his judgment of sentence, and, therefore, we may not review its admissibility "absent the presence of manifest injustice," citing *People v Harris*, 113 Mich App 333, 336; 317 NW2d 615 (1982), citing *People v Sands*, 82 Mich App 25; 266 NW2d 652 (1978). More recently, however, this Court has held that "review of unpreserved issues in termination cases is for plain error affecting substantial rights." *In re MJC*, 349 Mich App 42, 47; 27 NW3d 122 (2023).[5] Regardless, even if we declined to review the referee's admission of the judgment of sentence, respondent's judgment of sentence and no-contest plea would be admissible only to establish that the conviction occurred. See *In re Andino*, 163 Mich App at 773. Therefore, respondent's judgment of sentence and no-contest plea still could not establish that respondent sexually abused MD in the manner required under MCL 712A.19b(3)(k)(*ii*).

Respondent further contends that the testimony of MD's therapist and the children's mother at the termination hearing pertaining to MD's disclosures to them about the abuse were inadmissible hearsay. See MRE 801(c)[6]; MRE 802 ("Hearsay is not admissible unless these rules provide otherwise.") The referee agreed and sustained respondent's objections during the termination hearing to the extent that the testimony was offered to establish that a statutory ground for termination existed. On appeal, DHHS now argues that MD's therapist's testimony was admissible under the medical treatment exception to hearsay,

---

[5] See MCR 7.215(J)(1).

[6] "The following definitions apply under Rules 801-807:

    **(a) Statement.** "Statement" means a person's oral assertion, written assertion, or nonverbal conduct if the person intended it as an assertion.

    **(b) Declarant.** "Declarant" means the person who made the statement.

    **(c) Hearsay.** "Hearsay" means a statement that:

        (1) the declarant does not make while testifying at the current trial or hearing; and

        (2) a party offers in evidence to prove the truth of the matter asserted in the statement."

MRE 803(4).[7] Regardless of whether the testimony of MD's therapist is considered admissible for the purpose of establishing a basis for termination, MD's therapist testified only that MD reported "that [respondent] hurt her" by "coming in her bedroom and molesting her." Although this testimony established that some sexual abuse occurred, it does not establish by clear and convincing evidence that the abuse involved "[c]riminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate." MCL 712A.19b(3)(k)(*ii*). Therefore, even if considered admissible, the testimony of MD's therapist does not establish that a statutory ground for termination existed under MCL 712A.19b(3)(k)(*ii*). Accordingly, the referee clearly erred by finding that there was clear and convincing legally admissible evidence to establish that a statutory ground for termination under MCL 712A.19b(3)(k)(*ii*) existed.[8] See *In re VanDalen*, 293 Mich App at 139; *In re Utrera*, 281 Mich App at 17-18.

DHHS contends that any error in terminating respondent's parental rights under MCL 712A.19b(3)(k)(*ii*) was harmless because there was sufficient evidence to terminate them under MCL

---

[7] MRE 803(4) provides that a statement that is "made for—and is reasonably necessary to—medical treatment or diagnosis in connection with treatment[] and . . . describes medical history, past or present symptoms or sensations, their inception, or their general cause" is not excluded by the rule against hearsay.

[8] Respondent additionally argues that the evidence was insufficient to show that there was a reasonable likelihood that FD and RD would be harmed if returned to respondent's care because the referee's finding of future harm was based solely on anticipatory neglect and respondent's abuse of MD. See MCL 712A.19b(3)(k)(*ii*). To the extent that the testimony of MD's therapist that MD reported "that [respondent] hurt her" by "coming in her bedroom and molesting her" was admissible evidence of some form of sexual abuse, the referee did not clearly err by finding that respondent's sexual abuse of MD created a risk of harm to FD and RD. See *In re Mota*, 334 Mich App 300, 318; 964 NW2d 881 (2020).

"[H]ow a parent treats one child is probative of how that parent may treat other children." *Id.* at 323. "[T]he probative value of such an inference is decreased by differences between the children, such as age and medical conditions." *In re Kellogg*, 331 Mich App 249, 259; 952 NW2d 544 (2020). Respondent points out that FD and RD are boys while MD is a girl and that FD and RD are respondent's biological children while MD was respondent's adopted child. Additionally, respondent argues that MD suffered from anxiety while RD and FD did not. But the *Mota* Court specifically rejected the respondent's "pseudo-psychological argument that he is not a danger to young boys" because his victim was a young girl, concluding that "abuse is abuse." *In re Mota*, 334 Mich App at 323. Further, the victim of the respondent's abuse in *In re Mota*, was not a biological child of the respondent. *Id.* We likewise dismiss respondent's argument that MD was unique among her siblings because she suffered from anxiety as a "pseudo-psychological argument . . . ." *Id.*

Accordingly, the referee did not clearly err by applying the doctrine of anticipatory neglect to conclude that there was a reasonable likelihood that FD and RD would be harmed if returned to respondent's care. See MCL 712A.19b(3)(k)(*ii*). This, however, does not negate the fact that there was no legally admissible evidence to establish that respondent's sexual abuse of MD involved "penetration, attempted penetration, or assault with intent to penetrate." MCL 712A.19b(3)(k)(*ii*).

712A.19b(3)(m)(*i*).[9] Respondent, however, asserts that MCL 712A.19b(3)(m)(*i*) cannot serve as a statutory ground for termination because it was not specifically listed in the petition, which it was filed before his criminal conviction occurred, and because DHHS failed to file an amended petition to allege that ground. Our review of the record reveals that DHHS did not list any statutory grounds for termination, as opposed to jurisdictional grounds, in the petition it filed. Under MCL 712A.11(7), "[a] petition . . . may be amended at any stage of the proceedings as the ends of justice require." We conclude that any defect in failing to list the statutory grounds for termination in the petition before placing them on the record at the termination hearing was technical and did not erode respondent's due process right to notice or his opportunity to be heard when the petition identified with specificity all the allegations of neglect to support termination under the alternate grounds offered by DHHS at the termination hearing.[10] See and compare *In re Perry*, 193 Mich App 648, 651; 484 NW2d 768 (1992); *In re Slis*, 144 Mich App 678, 684; 375 NW2d 788 (1985); *In re Collins*, unpublished opinion per curiam of the Court of Appeals, issued May 22, 2007 (Docket Nos. 273780, 273781, and 273782); *In re Krigner*, unpublished opinion of the Court of Appeals, issued July 17, 2012 (Docket No. 307061); *In re NM*, unpublished opinion per curiam of the Court of Appeals, issued May 29, 2001 (Docket No. 230074).[11] Considering the basis for respondent's no contest plea to the adjudication, DHHS's proposed witness and exhibit lists for the termination hearing, and respondent's attorney's statement that he had no objection to the admission of the sentencing transcript from respondent's criminal case or to the trial court taking judicial notice of respondent's criminal judgment of sentence, respondent could not claim surprise when DHHS sought to use his criminal conviction for first-degree criminal sexual conduct, MCL 750.520b, to terminate his parental rights under MCL 712A.19b(3)(m)(*i*). *In re Perry*, 193 Mich App at 651. Regardless, because we are not a fact-finding court,[12] we leave it to the trial court to address whether the alternate statutory grounds DHHS

---

[9] In pertinent part, MCL 712A.19b(3) provides:

The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

* * *

(m) The parent is convicted of 1 or more of the following, and the court determines that termination is in the child's best interests because continuing the parent-child relationship with the parent would be harmful to the child:

(*i*) A violation of section 136, 136a, 316, 317, 520b, 520c, 520d, 520e, or 520g of the Michigan penal code, 1931 PA 328, MCL 750.136, 750.136a, 750.316, 750.317, 750.520b, 750.520c, MCL 750.520d, 750.520e, and 750.520g.

[10] Although we conclude that respondent's due process rights to notice and the opportunity to be heard were not eroded, we question the practicality and wisdom in proceeding in this manner.

[11] Although unpublished opinions are not binding precedent, they may be considered persuasive. *Micheli v Mich Auto Ins Placement Facility*, 340 Mich App 360, 370; 986 NW2d 451 (2022).

[12] See *People v Poole*, 349 Mich App 594, 610 n 5; 28 NW3d 769 (2024), aff'd ___ Mich ___; ___ NW3d ___ (2025) (The Court of Appeals "does not find facts but merely serves as an error-correcting court.") Notably, neither the referee nor the trial court addressed DHHS's alternate grounds for termination.

offered for termination were established by clear and convincing evidence with legally admissible evidence at the termination hearing.[13]

Accordingly, we vacate the trial court's order terminating respondent's parental rights with respect to FD and RD and remand for additional proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Stephen L. Borrello
/s/ Michelle M. Rick

---

[13] In light of our decision to vacate and remand, we do not need to address respondent's remaining claim, but we take this opportunity to remind the court and the referee that a judge is permitted to designate a referee to take testimony of witnesses and hear the parties' statements in a child protection proceeding under MCL 712A.10(1). "If a case requires a hearing and the taking of testimony," then the referee is required to "make a written signed report to the judge containing a summary of the testimony taken and a recommendation for the court's findings and disposition." MCL 712A.10(1)(c); see also *In re AMB*, 248 Mich App 144, 217; 640 NW2d 262 (2001). "[A] hearing referee's recommendations and proposed order *cannot* be accepted without judicial examination." *Id*. "The responsibility for the ultimate decision and the exercise of judicial discretion in reaching it still rests squarely upon the trial judge and may not be delegated." *Id*. (quotation marks and citation omitted). "Consequently, when it is apparent that someone other than a judge made the substantive legal decision in a case, the only appropriate appellate response is to reverse." *Id*.

In this case, the referee submitted a recommended order to terminate respondent's parental rights under MCL 712A.19b(3)(k)(*ii*) on May 28, 2025, without his recommended order or any other document in the record containing a factual summary of the proceeding. That same day, the judge signed the order and the e-signature history contained in the record reflects that the recommended order was emailed to the judge at 5:36 p.m., viewed by the judge at 6:31:23 p.m., and e-signed by the judge at 6:31:51 p.m. A 28-second judicial review without the referee's written summary of the facts required by MCL 712A.10(1)(c) certainly suggests that the referee, not the judge, made the decision to terminate respondent's parental rights.

Moreover, when a court assigns a referee to preside at a hearing, during that hearing, "the referee must inform the parties of the right to file a request for review of the referee's recommended findings and conclusions as provided in MCR 3.991(B)." MCR 3.913(C). The referee should comply with this rule.